**In the Matter of 1600 PASADENA OFFICES, LIMITED, Debtor.**

**1600 PASADENA OFFICES, LIMITED, Plaintiff,**

**v.**

**CITY OF SOUTH PASADENA, FLORIDA, Defendant.**

**Bankruptcy No. 86–1211.
Adv. No. 86–243.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 24, 1986.

Jay B. Verona, St. Petersburg, Fla., for plaintiff/debtor.

Edward Foreman, St. Petersburg, Fla., for defendant.

### ORDER ON MOTION FOR PRELIMINARY INJUNCTION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 11 case is a Motion for Preliminary Injunction filed by 1600 Pasadena Offices, Limited (Debtor), a Florida partnership. The Debtor seeks an order from this Court prohibiting the City of South Pasadena, Florida (City) from exercising its regulatory powers by revoking a building permit previously issued by the City to the Debtor. As grounds for the relief sought, the Debtor asserts that the automatic stay pursuant to 11 U.S.C. § 362 applies to the City and precludes the City from revoking the permit without leave of this Court. In addition, the Debtor contends that regardless of the applicability of the automatic stay imposed by § 362 of the Bankruptcy Code, the City should be enjoined from revoking the building permit because the revocation would cause irreparable harm to the Debtor, making it virtually impossible for the Debtor to reorganize its financial affairs or propose a confirmable Plan of Reorganization. The facts relevant and germane to the resolution of the controversy, as appear from the record and as established at the evidentiary hearing, are as follows:

In October, 1984, the Debtor obtained from the City a building permit for the construction of a ten-story office building and a five-story parking garage. Thereafter, the Debtor secured a construction loan committment, obtained site plan approval, contracted for engineering and architectural services, and engaged the services of a general contractor. The preliminary work required the demolition of an existing structure on the site. It is not clear from this record on what date the demolition was completed or when the site was ready for construction. In any event, between October, 1984, when the permit was issued, and August, 1985, when the project manager began driving test piling on the project, there was no actual construction work on the project site. Since August, 1985, the work on the project site has been limited to the driving of a few additional pilings.

In early May, 1986, the City Commission of the City, which had recently passed an ordinance limiting the height of commercial structures to six-stories, hired special legal counsel to investigate the possibility of revoking the building permit issued to the Debtor. Special counsel determined that the City could revoke the Debtor's building permit on the ground that the Debtor had abandoned construction on the project. Pursuant to instructions from the City Commission, special counsel notified the Debtor that it should provide documentation establishing that the construction project had not been abandoned. A special meeting of the City Council was called to consider the revocation of the permit. However, prior to the meeting the Debtor applied to this Court for a temporary restraining order to prevent the City from revoking the building permit. A temporary restraining order was issued by this Court prohibiting the City from acting until the

evidentiary hearing on the preliminary injunction could be held.

The Debtor first asserts that the City is precluded from revoking its building permit without leave of Court by the automatic stay pursuant to 11 U.S.C. § 362. The City, on the other hand, maintains that the revocation of the permit is an exercise of its regulatory power to which the automatic stay does not apply pursuant to § 362(b)(4).

This Section provides that the filing of a petition in bankruptcy "does not operate as a stay ... of the commencement of continuation of an action or proceeding by a governmental unit to enforce such governmental police or regulatory power." There is no question that the revocation of a building permit which was issued pursuant to a duly enacted zoning ordinance of the City is a valid exercise of the City's police or regulatory power. *See Village of Belle Terre v. Boraas,* 416 U.S. 1, 94 S.Ct. 1536, 39 L.Ed.2d 797 (1974).

The Debtor contends, however, that § 362(b)(4) must be narrowly construed, and, *citing In re Island Club Marina, Limited,* 38 B.R. 847 (Bankr.N.D.Ill.1974), argues that even in the exercise of its regulatory powers, the City must show that there is an urgent public health or welfare interest in revoking the building permit before it is entitled to invoke the § 362(b)(4) exception to the automatic stay. While this Court agrees that a governmental unit is not automatically entitled to the § 362(b)(4) exception to the stay, each case must turn on its own facts, and the standard is not nearly as stringent as the Debtor urges.

■ A more accurate articulation of the proper construction of § 362(b)(4) is found in *In re Cournoyer,* 43 B.R. 354 (Bankr.D.R.I.1984). In *Cournoyer,* the Court held that a governmental unit is entitled to be excepted from the operation of the stay if the governmental unit is acting within the scope of its police or regulatory powers and if the government is not seeking to enforce a money judgment. Applying this two step test to the facts of this

case, it is clear that the City of South Pasadena is entitled to be excepted from the operation of the stay because the revocation of the building permit is an exercise of its regulatory powers and is not an action to enforce a money judgment. Clearly, the automatic stay provision of § 362 does not apply in this instance to the City.

■ The Debtor urges, however, that even if the automatic stay would not prevent the City from revoking the building permit, it is entitled to the relief it seeks based on 11 U.S.C. § 105, which provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of Title 11," including injunctive relief. There is no question that injunctive relief may be accorded under this Section in special situations. However, before such relief may be granted, the party seeking injunctive relief must establish four factors in order to prevail on a motion for preliminary injunction:

(1) a strong probability of success on the merits;

(2) irreparable injury to the movant if the relief sought is not granted;

(3) the injunction will not cause substantial harm to others; and

(4) the public interest will be best served by issuing the preliminary injunction.

*In re DeLorean Motor Company,* 755 F.2d 1223 (6th Cir.1985); *Matter of Provincetown Boston Airline, Inc.,* 52 B.R. 620 (Bankr.M.D.Fla.1985); *Landmark Second v. Banc-Ohio National Bank,* 19 B.R. 556 (Bankr.N.D.Ohio 1982). The burden of proof is on the moving party, and while in rare circumstances injunctive relief may be proper upon a strong showing on fewer than all four points, *see In re DeLorean Motor Company, supra,* it is the general rule that injunctive relief should not be granted unless the movant has presented persuasive evidence on all four factors. *Matter of Provincetown Boston Airline, Inc., supra.* Applying the foregoing general principles to the facts of this case, this

Court is satisfied that the evidence presented by the Debtor falls far short of the persuasive proof necessary to warrant the relief sought.

 First of all, the Debtor failed to establish a strong probability of success on the merits. The City seeks to revoke the Debtor's building permit on the grounds that the Debtor had abandoned the construction for a period of six months. The evidence presented indicated that there has been very little on-site work accomplished, and the off-site work has been limited to bid solicitation very early in the project. The Debtor contends it has been actively seeking financing for the project, but offers no hard evidence to substantiate that claim. In viewing the evidence in a light most favorable to the Debtor, the Debtor's progress on the project was barely noticeable to say the least.

Furthermore, the City's decision to revoke the permit was an ordinary and proper exercise of its power to enforce its zoning ordinances. Absent a showing of capricious, arbitrary, or discriminatory action, this Court should not interfere with the City's decision.

 Most importantly, the Debtor failed to show irreparable injury if the building permit is revoked. The Debtor established that it will sustain substantial economic loss if the permit is revoked; however, economic loss is recoverable in an action for money damages and such loss does not constitute grounds for injunctive relief. *Country Club of Sarasota*, 15 B.R. 116 (Bankr.M.D.Fla.1981); *Wisconsin Gas Company v. FERC*, 758 F.2d 669 (D.C.Cir. 1985). The Debtor failed to prove there is any potential injury for which it does not have an adequate remedy at law, and without a showing of irreparable injury, the Debtor is not entitled to a preliminary injunction.

The last two factors which should be examined are whether the injunction would cause substantial harm to the City or to others and whether the injunction would serve the public interest. The evidence before this Court offers very little on either point, but even if the Debtor had offered conclusive evidence on these two points, its failure to show irreparable harm or likelihood of success on the merits precludes the issuance of a preliminary injunction. Based on the foregoing, this Court is satisfied that the Debtor has not established that injunctive relief is warranted and, therefore, its Motion must be denied.

Inasmuch as this conclusion precludes the Debtor from obtaining the relief sought, it is appropriate to enter a final decree dismissing this adversary proceeding.

A separate final judgment will be entered in accordance with the foregoing.