CORPORATE SEAL

JAMES G. ABOUREZK, P. C.

In re SECOND TIMMON HOTEL CO., LTD. d/b/a Sheraton Twin Towers Hotel, a limited partnership, Debtor.

SECOND TIMMON HOTEL COMPANY, LTD., Plaintiff,

v.

BRACTON CORPORATION and William D. Gorman, Defendants.

Bankruptcy No. 86–1894–BKC–6P1.
Adv. No. 88–01.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Jan. 15, 1988.

William Knight Zewadski, Roberta A. Colton, Tampa, Fla., for Bracton Corp.

Lionel Silberman, Second Timmon Hotel Company, Ltd., Orlando, Fla., for debtor-plaintiff.

## ORDER DENYING DEBTOR'S MOTION FOR PRELIMINARY INJUNCTION

GEORGE L. PROCTOR, Bankruptcy Judge.

THIS CAUSE came before the Court on the debtor's complaint and motion for preliminary injunction in the above-referenced adversary proceeding. A hearing was conducted on January 4, 1988. Lionel Silberman, Esquire was present on behalf of the debtor-plaintiff. William Knight Zewadski, Esquire and Roberta A. Colton, Esquire were present on behalf of Bracton Corporation. Defendant, William D. Gorman was not present or represented at the hearing.

The debtor seeks a preliminary injunction to prevent the scheduled foreclosure sale of its principal asset, the Sheraton Twin Towers Hotel. The sale was scheduled and advertised for 11:00 a.m. on January 4, 1988.

In support of its request for injunctive relief, the debtor has introduced evidence of a proposal to purchase the hotel by Roberto Ongpin. Although Ongpin did not appear, his attorney testified that Ongpin is interested in purchasing the hotel for $36 million, and has deposited $1 million to his attorneys' trust account, as a showing of good faith. Ongpin has not signed a contract with the debtor and has made no deposit which would be forfeited to the debtor in the event that the contract is not signed. Indeed, Ongpin has not yet viewed the property, and the evidence indicates that he has nothing more than an interest in the property.

Bracton and the Debtor entered into a settlement agreement in their state court foreclosure case on September 1, 1987. Pursuant to the agreement, the hotel would be sold on January 4, 1988 if the debtor could not redeem the property pursuant to the terms of the agreement. The settlement was noticed to all creditors and interested parties in the debtor's bankrupcy case and no objections to the settlement were filed with the court with the allowable time for objections.

Pursuant to the settlement, a final judgment of foreclosure was entered by the Orange County Circuit Court on October 5, 1987, in the amount of $52,372,080.35. Interest is accruing on this judgment at a rate of 12 percent, at a per diem rate of approximately $17,218.

To compensate Bracton for the delay of its foreclosure sale, the debtor has offered to pay Bracton $4,000 per day. However, the Debtor admits that it has failed to make the adequate protection payments ordered by this Court since October 23, 1987 and does not intend to make the January adequate protection payment. The total unpaid adequate protection payments owed to Bracton is $412,000.

The standards for evaluating a preliminary injunction include 1) a determination of the likelihood that the plaintiff will prevail on the merits of its complaint; 2) a balancing of the harms of issuing the injunctive relief; and 3) consideration of the public interest. *See Provincetown Boston Airlines, Inc. v. Miller (In re Provincetown Boston Airline, Inc.),* 52 B.R. 620, 624–25 (Bankr.M.D.Fla.1985).

The Court first observes that the public interest is not of significant concern in this evaluation. This essentially is a private matter between the parties to the settlement agreement.

With respect to the merits of the complaint, the Court finds that the Debtor is not likely to prevail in the merits. The

**152**

Debtor has no contract and no earnest money. Moreover, the $4,000 per day offered to Bracton is inadequate in light of the fact that the per diem interest of the foreclosure judgment is more than four times that amount. The Debtor has also stipulated and contracted to set January 4, 1988 as the cutoff date.

In balancing the relative harms of an injunction, the Court finds that the harm to Bracton outweighs the harm to the Debtor. This bankruptcy has been pending since September 11, 1986, and the Debtor has been given every opportunity to do something with the hotel property. Bracton on the other hand has not received its Court ordered adequate protection payments and the Debtor's present offer is inadequate in view of the loss to Bracton.

In light of the foregoing, it is hereby,

ORDERED:

1. The debtor's motion/complaint for preliminary injunction is denied.

2. The foreclosure sale scheduled for January 4, 1988 at 11:00 a.m. may proceed pursuant to the Stipulation of Settlement noticed to creditors on September 4, 1987, and the Final Judgment of Foreclosure entered by the Orange County Circuit Court on October 5, 1987, may be completed in accordance with Florida law.