**In re APEX OIL COMPANY, et al., and Clark Oil & Refining Corporation, Debtors.**

**Robert L. NEIER and Susan A. Neier, Movants,**

**v.**

**CLARK OIL & REFINING CORPORATION, Debtor.**

Bankruptcy Nos. 87–03804–BSS, 87–03805–BSS.

United States Bankruptcy Court, E.D. Missouri, E.D.

April 22, 1988.

encompassed a commitment to make up all arrearages.

Edward J. Karfeld, St. Louis, Mo., for movants.

Arnold M. Quittner, Robert Jay Moore, Gendel, Raskoff, Shapiro & Quittner, Clayton, Mo., Arnold M. Quittner, Robert Jay Moore, Paul S. Aronzon, Gendel, Raskoff, Shaprio & Quittner, Los Angeles, Cal., Dennis A. Ferrazzano, Barack, Ferrazzano and Kirschbaum, Chicago, Ill., for debtors.

Gregory D. Willard, Laurence M. Frazen, Bryan, Cave, McPheeters and McRoberts, St. Louis, Mo., Stephen J. Blauner, David C.L. Frauman, Milbank, Tweed, Hadley and McCloy, New York City, for Lender Group.

Lloyd A. Palans, Gallop, Johnson and Neuman, Examiner, St. Louis, Mo.

Steven J. Cousins, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for Unsecured Creditors Committee.

## MEMORANDUM OPINION

BARRY S. SCHERMER, Bankruptcy Judge.

### INTRODUCTION

This matter comes before the Court upon the Motion of Robert L. Neier and his wife, Susan A. Neier (hereinafter the "Neiers") For Relief From The Stay Provisions of the Bankruptcy Code Or, In The Alternative, For Adequate Protection (hereinafter the "Motion"). The Neiers' Motion was filed March 24, 1988, and the case was tried April 11, 1988.

### FACTS

On January 30, 1986, Clark Oil & Refining Corporation (hereinafter "Clark") purchased from the Neiers certain real property and improvements located at 8260 Forsyth, Clayton, Missouri (hereinafter the "Service Station") for a total price of $615,-000.00. At the time of the sale, Clark paid the Neiers $165,000.00 cash and executed and delivered to the Neiers a promissory note in the amount of $450,000.00 and a Deed of Trust for the Service Station to secure its performance under the promissory note.

The Neiers request a modification of the automatic stay provision of the Bankruptcy Code so that they may initiate foreclosure proceedings and sell the Service Station according to the terms of their Deed of Trust. In the alternative, they request Clark furnish adequate protection. Clark fully performed under the terms of the promissory note and Deed of Trust to the

date of its Chapter 11 filing, December 24, 1987. The Service Station is currently insured under a property and liability policy of Clark in the amount of $150,000,000.00 which covers all of Clark's service stations. Since December 24, 1987, Clark has failed to make monthly payments (each in the amount of $4,699.01) nor has it paid real property taxes for 1987 in the amount of $2,862.75.

Clark currently operates the Service Station. Since the date of sale Clark has expended approximately $100,000.00 on improvements to the Service Station including a new driveway, canopy, two new pump islands, four new pumps, two new tanks, a new roof, blacktopping, new doors and painting of the Station. The parties stipulated at trial that the Service Station is currently worth at least $615,000.00.

Neither of the Neiers is employed on a full time basis. Mrs. Neier cares for her three elderly aunts as well as her three children. She is also under a doctor's treatment for arthritis and hypertension. Two of the three Neier children have learning disabilities and one of their sons, while working as a gardener, requires supervision which his father Robert provides. The Neier's depend upon the payments due under the Clark note as their primary source of income. They have a certificate of deposit in the amount of $2,000.00 and savings in the amount of $3,600.00. They claim their monthly expenses are $5,422.00.

JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G), which the Court may hear and determine.

DISCUSSION

While the Neiers have not identified the specific provision under which they proceed, paragraphs 6 and 7 of their Motion refer to Bankruptcy Code Sections 362(d)(2) and (1) respectively. Section 362(d)(2) requires proof that the Debtor does not have equity in the Service Station and that the Service Station is not necessary for an effective reorganization. Both elements must be proven and the Neiers carry the burden of proof with respect to the elements of whether the Debtor has equity in the Service Station. See Section 362(g)(1). The parties have stipulated that the Service Station is worth at least $615,000.00 while the unpaid principal obligation under the promissory note is $422,804.00. Accordingly, Clark enjoys an equity of approximately $190,000.00 ($615,000.00 less the Neiers' lien of $422,804.00 and real estate taxes of $2,862.00). The Neiers have failed to meet their burden of proof and their Motion based upon Section 362(d)(2) is denied.

Section 362(d)(1) provides that the stay shall be terminated or modified "for cause, including" the lack of adequate protection of the Neiers' interest in Clark's Service Station. The term "cause" is not defined in the Bankruptcy Code. A review of the legislative history and case law is helpful to the undersigned:

The House Report accompanying H.R. § 200 illustrates several situations in which it might be appropriate to modify the stay to permit litigation in another forum:

The lack of adequate protection of an interest in property of the party requesting relief from the stay is one cause for relief, but is not the only cause. As noted above, a desire to permit an action to proceed to completion in another tribunal may provide another cause. Other causes might include the lack of any connection with or interference with the pending bankruptcy case. For example, a divorce or child custody proceeding involving the debtor may bear no relation to the bankruptcy case. In that case, it should not be stayed. A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, proceedings in which the debtor is a fiduciary, or involving postpetition activities of the debtor, need not be stayed because they bear no relationship to the purpose of the automatic stay,

which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–44 (1977), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 6300. See also S.Rep. No. 95–989, 95th Cong., 2d Sess. 52 (1978), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 5838.

In a similar vein a Senate report noted: [I]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere.

Senate Rep. No. 989, 95th Cong., 2nd Sess., 50, Reprinted in (1978) U.S.Code Cong. & Ad.News 5787, 5836.

The legislative history of Section 362(d)(1) thus suggests that Congress intended to limit relief from the stay to a fairly narrow category of circumstances bearing little relationship to the bankruptcy case or to the purposes of the stay. *In re Curtis,* 40 B.R. 795, 799 (Bankr.D.Utah 1984), *Matter of Provincetown Boston Airline, Inc.,* 52 B.R. 620 (Bankr.M.D.Fla. 1985), and *Collier on Bankruptcy,* Vol. 2, ¶ 362.07 (15th Ed.).

The "cause" under which the Neier's proceed is their need for income to support themselves and their three minor children. The Neier's have been unable to find any cases to support their interpretation that the phrase "for cause" embraces the secured creditors' financial needs. Similarly, the Court has been unable to find any such cases. Upon consideration of the standards for terminating or modifying the stay set forth herein, the Court declines the Neiers' request to do so "for cause".

With respect to the Neier's argument that they are entitled to adequate protection, such entitlement again refers to their family financial needs. Unfortunately, the Court believes that adequate protection of the Neiers' interest in the Clark Service Station is based upon a different criteria. Adequate protection is to be determined by the value of the Neiers' interest in property during the administration of the Chapter 11 case. If that interest is declining, then a secured creditor is entitled to cash or other security in the amount of the decline in value of its collateral during the course of the Chapter 11 case. *United Savings Association v. Timbers of Inwood Forest,* —— U.S. ——, 108 S.Ct. 626, 629–630, 98 L.Ed.2d 740 (1988). No evidence was presented that the value of the Service Station would diminish during the course of this Chapter 11 proceeding. In such an eventuality, the Neiers' may file an appropriate pleading alleging new facts.

While the Court sympathizes with the plight of the Neiers and their apparent need for income, they are not without remedy. Unfortunately, the remedy they seek from this Court is unavailable to them. A separate Order consistent with this Memorandum Opinion shall be entered this date.