OPINION OF THE COURT
ADAMS, Circuit Judge.
This appeal presents the question whether a bankruptcy court erred in declining to enjoin pending state criminal prosecutions because of their possible impact on federal bankruptcy proceedings. Because of the traditional concerns of equity and comity implicated when a federal court considers a request to enjoin state criminal proceedings, we conclude that the district court properly upheld the denial of the injunction in this case.
I. Background
Chapter 7 of the Bankruptcy Code authorizes the liquidation of the assets of an insolvent debtor to pay creditors at least a portion of what they are owed. When a petition is filed in a Chapter 7 case, a trustee is appointed by the court; the debtor then submits to the trustee schedules listing his debts and assets; the trustee then distributes the property of the estate; and the debts are eventually discharged.[1]
Marvin and Linda Davis, the appellants in this proceeding, purchased goods by check at various times from each of the four appellees. These checks were dishonored by the Davises’ bank. Dana Lane, one of the appellees, instituted a criminal complaint against Mr. Davis on April 13, 1981, *177 for issuing a bad check. The next day, the Davises filed a Chapter 7 petition in the bankruptcy court. Their initial schedule of unsecured creditors did not list the other three appellees. After the filing, these appellees instituted criminal bad check complaints against Mr. Davis.[2]
Issuing bad checks is a Class A misdemeanor under Delaware law. 11 Del.C. § 900. The Delaware criminal code appears to require that a defendant convicted under § 900, in addition to other sanctions, must make restitution to the person or persons to whom bad checks were issued. 11 Del.C. § 4206(a). The criminal actions at issue here were originally brought in a justice of the peace court, but were transferred at the request of Marvin Davis to the Court of Common Pleas of Delaware, where cases are prosecuted by the Attorney General of the State of Delaware, rather than by the complaining witnesses.
On June 24, 1981, the bankruptcy judge issued, at the request of the Davises, a temporary restraining order enjoining the State of Delaware and the individual claimants from proceeding with the criminal charges. None of the claimants exercised his right to object in the bankruptcy court to the discharge of his debt and the Davises were granted a discharge on July 28, 1981. On August 19, the bankruptcy judge held a hearing to determine whether the state court criminal proceedings should be permanently enjoined on the ground that, because of the restitution requirement upon conviction, such proceedings would subvert the bankruptcy court’s grant of a discharge of those debts. The bankruptcy judge refused, on November 10, 1981, to issue the injunction, and the Davises appealed to the district court.[3] The district court, 18 B.R. 701, affirmed the decision of the bankruptcy court and the Davises filed the present appeal.[4]
The bankruptcy court denied the request for an injunction for two reasons: First, a bankruptcy court “should rarely, if ever, issue a permanent injunction against the enforcement of the criminal law.” Davis v. Sheldon, (In re Davis), 15 B.R. 442 at 443 (Bkrtcy., D.Del.1981). Second, “[t]he mere possibility that a creditor may recover all or part of a discharged debt ... after a debt- or’s conviction does not thwart the purposes of the bankruptcy laws.” Id. at 443. On appeal, the district judge upheld the bankruptcy court, but based his decision on the Supreme Court’s opinion in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971). The judgment of the district court will be affirmed. Because of the importance of the issue that has been presented, we have set forth the reasons for our decision in some detail.
II. Considerations in Enjoining State Criminal Proceedings
Under most circumstances, a federal court has no power to enjoin state court proceedings. The Anti-Injunction Act, 28 U.S.C. § 2283, provides:
A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
The Bankruptcy Code, however, is an “expressly authorized” exception to the statute.[5] 11 U.S.C. § 105(a). See S.Rep.No.95-989, 95th Cong., 2d Sess., reprinted in 1978 *178 U.S.Code Cong. & Ad.News 5787, 5815. Prior to 1948, the Anti-Injunction Act contained only one exception, for “cases where such injunction may be authorized by any law relating to proceedings in bankruptcy.” Judicial Code § 265, 36 Stat. 1162. In 1948, this passage was expanded to cover all statutory exceptions. See Reviser’s Comments to 28 U.S.C. § 2283,1948 U.S.Code Cong. & Ad.News Special Compilation of Legislative History of Revision of Title 28, 80th Cong., 2d Sess. 1910. Therefore, under proper circumstances, a bankruptcy court may issue an injunction to prevent a state prosecution.
The Supreme Court has held that the type of statutory exception set forth in the Anti-Injunction Act does not put into “question or qualify in any way the principles of equity and comity that must restrain a federal court when asked to enjoin a state court proceeding.” Mitchum v. Foster, 407 U.S. 225,243, 92 S.Ct. 2151,2162, 32 L.Ed.2d 705 (1972). See also O’Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). These principles were discussed at length in the Court’s opinion in Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971), a case involving a non-statutory exception to the Act. The Davises have failed to prove that their request for an injunction is justified under either principle.
As the Supreme Court stated in Younger, it is a “basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.” 401 U.S. at 43-44, 91 S.Ct. at 750. The Davises contend that the legal remedy is inadequate because, if Marvin Davis is convicted of issuing bad checks, the state court would impose a mandatory restitution penalty in contravention of the bankruptcy court’s discharge order and the Bankruptcy Code policy of providing debtors with a fresh start. The imposition of such a penalty may indeed raise serious questions under the Supremacy Clause of the United States Constitution,[6] although we do not reach that question today. The Davises, however, have put forth no evidence that Marvin Davis will be unable to raise the Supremacy Clause challenge in the state court. We decline to presume that the judges of Delaware will disregard the obligation imposed upon them by the federal Constitution. Cf. Kugler v. Helfant, 421 U.S. 117,127,95 S.Ct. 1524,1532, 44 L.Ed.2d 15 (1975).
The Davises also appear to argue that they will suffer irreparable injury from the state proceedings. However, the “cost, anxiety, and inconvenience” of defending oneself in a good faith criminal prosecution does not constitute irreparable injury. Younger v. Harris, 401 U.S. at 46, 91 S.Ct. at 751. See also, Watson v. Buck, 313 U.S. 387, 400, 61 S.Ct. 962, 966, 85 L.Ed. 1416 (1941); Beal v. Missouri Pacific Railroad Corp., 312 U.S. 45, 49, 61 S.Ct. 418, 420, 85 L.Ed. 557 (1941); Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). If a state prosecution is brought in bad faith or for purposes of harassment, the federal court can, under Younger, enjoin the criminal proceedings. 401 U.S. at 54, 91 S.Ct. at 755; Kugler v. Helfant, 421 U.S. at 124, 95 S.Ct. at 1530. The bankruptcy court found that “[t]he mandatory restitution aspect of 11 Del.C. § 4206(a) was the principal reason each individual creditor filed a criminal complaint.” Davis v. Sheldon (In re Davis), supra, at 443. The Davises contend that inasmuch as the creditors were motivated by a desire to collect on a dischargeable debt,'rather than by a sense of public duty, the criminal proceedings were brought in bad faith and thus are fatally tainted.
The Davises do not argue that the state lacks a legitimate interest in protecting its citizens against the issuance of bad checks, nor do they allege that the state Attorney General, who is prosecuting this case, is proceeding in bad faith. They assert that it was improper for the state to act upon these claims because there was no state interest being protected; only the financial interest of the creditors was furthered. The state, however, is prosecuting the criminal actions on behalf of all of the citizens of Delaware, to protect the integrity of *179 commercial transactions within the state. The Davises have made no showing that the Attorney General had any reason to doubt the validity of the charges, that he failed to exercise independent judgment in continuing these prosecutions, or that the complaining witnesses had insufficient evidence to support their allegations. We cannot require a prosecutor to conduct a searching inquiry into the public spirit of the victim of a crime before proceeding with what appears to be an otherwise valid criminal prosecution. Under these circumstances, the intentions of the complaining witnesses are not controlling in judging the good faith of a criminal prosecution. See generally, Allee v. Medrano, 416 U.S. 802, 836-38, 94 S.Ct. 2191, 2210-11, 40 L.Ed.2d 566 (1974) (opinion of Chief Justice Burger); Lewis v. Kugler, 446 F.2d 1343,1348-49 (3d Cir. 1971). The processing of a bona fide criminal proceeding does not itself constitute irreparable injury in this case. If an order of restitution is ultimately issued against Marvin Davis, it will be appealable.[7] If no such order is issued, the rights of the Davises under the Bankruptcy Code will not have been affected. Furthermore, in response to the Davises’ contentions, it is highly doubtful that an order of restitution at this time would constitute an unlawful preference since none of the money that might have gone to repay creditors was reserved in the estate to pay the possible restitutionary penalty.
In addition to principles of equity, a federal court must consider “the notion of ‘comity,’ that is, a proper respect for state functions, a recognition of the fact that-the entire Country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.” Younger v. Harris, 401 U.S. at 44, 91 S.Ct. at 750. A federal court should be especially cautious in enjoining state criminal proceedings, because of the state’s paramount interest in protecting its citizens through its police power. In this case, there has been no showing that Delaware has acted in bad faith in its prosecution, nor any allegation that the Delaware courts have inadequate procedures for hearing the federal challenges to a judgment of restitution. Therefore, we cannot say that the bankruptcy court erred in refusing to interfere with the state court proceedings.[8]
III. Conclusion
Federalism in this nation relies in large part on the proper functioning of two separate court systems. The integrity of each must be preserved so that both can serve as effective forums for protecting individual rights and societal interests. Therefore, federal courts must remain vigilant not to diminish the rightful prerogatives of their state counterparts, and should exercise their power to enjoin state criminal proceedings only with considerable caution and indeed only when proper cause has been shown. The appellants in this proceeding failed to demonstrate why the concerns of equity or comity would require, or even permit, the issuance of an injunction. As a consequence, the bankruptcy judge did not err in denying the motion for an injunction and the district judge was correct in upholding that denial. Accordingly, the judgment of the district court, 18 B.R. 701, will be affirmed.

. Certain debts are excepted from discharge. See 11 U.S.C. §§ 523, 727.

. The schedule of unsecured creditors was subsequently amended to include all of the appellees.

. Although the criminal charges involve only Marvin Davis, both the Davises have appealed from the decision of the bankruptcy court, presumably because the possibility of restitution also infringes on Linda Davis’ right to a “fresh start” under federal bankruptcy policy.

. The State of Delaware voluntarily agreed to stay the criminal proceedings until this Court has adjudicated the appeal.

. A bankruptcy court may not enjoin the state court directly. P.L.No.95-598, § 405(a)(1)(A), 92 Stat. 2558, 2686 (1978); see 28 U.S.C. § 1481 (Supp. II 1978) (effective April 1, 1984); 1 Collier on Bankruptcy ([ 3.01 [5][a][iv] (15th ed. 1982). That power is reserved to the district court. S.Rep.No.95-989, 95th Cong., 2d Sess. 154, reprinted in [1978] U.S.Code & Ad. News 5787, 5940; see 2 Collier, supra, ]|105.02. The bankruptcy court may enjoin the proceedings before a state court under § 2283 by enjoining the litigants. See 2 Collier, supra, (1105.02. The injunction requested in the instant case was properly directed to the individual appellees, including the attorney general of Delaware, and not to the state court.

. This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding.
U.S.Const. Art. VI.

. Depending on the state court disposition, the Davises may be able to challenge an erroneous state decision in federal court through habeas corpus (28 U.S.C. § 2254), a declaratory judgment action (28 U.S.C. § 2201), an action under 42 U.S.C. § 1983, or an appeal to the Supreme Court.

. The Davises do not claim that they are entitled to an injunction under 11 U.S.C. § 524(a)(2), and therefore we make no determination of the applicability or scope of that section.