In re **FIDELITY AMERICA FINANCIAL CORPORATION, (Jointly Administered With) Fidelity America Mortgage Co. (a Pennsylvania Corporation), Fidelity America Mortgage Co. (a Delaware Corporation), Fidelity America Mortgage Co. (a Nevada Corporation), Debtors.**

**Norman M. KRANZDORF, Individually and as Trustee for Fidelity America Mortgage Company, Plaintiff,**

v.

**Irving G. ALTER and United Funding Corporation and Alvin Lapidus, P.A. and Alvin Lapidus for Maryland Developers, Inc. and Birmingham Fire Insurance Company of Pennsylvania and U.S. Shelter Corporation and Francis R. Caplan & Co. and Stone-East Associates, Inc., Defendants.**

**Bankruptcy Nos. 81–00385G to 81–00388G.**

**Adv. No. 85–0273G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Oct. 18, 1985.

Robert Szwajkos, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff, Norman M. Kranzdorf, Individually and as Trustee for Fidelity America Mortg. Corp.

Leonard C. Redmond, III, Horn, Dressel & Bennett, P.A., Baltimore, Md., for Irving G. Alter, United Funding Corp., Alvin Lapidus, P.A. and Alvin Lapidus for Maryland Developers, Inc.

Thomas B. Kenworthy, Mark M. McGuire, Morgan, Lewis & Bockius, Philadelphia, Pa., for Irving G. Alter, United Funding Corp., Alvin Lapidus, P.A., Alvin Lapidus for Maryland Developers, Inc., Birmingham Fire Ins. Co. of Pennsylvania, U.S. Shelter Corp.

Martin J. Snider, Manis, Wilkinson, Snider & Goldsborough, Annapolis, Md., for Birmingham Fire Ins. Co. of Pennsylvania and U.S. Shelter Corp.

Francis R. Caplan & Co., Hartford, Conn., Stone-East Associates, Inc., New York City, Norman M. Kranzdorf, Bala Cynwyd, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The essence of this dispute is whether we should grant a creditor's motion to dismiss a complaint filed by the trustee in which the trustee seeks an injunction barring that creditor from continuing with a state court suit, although it *appears* that we previously approved a settlement of the dispute at issue. For the reasons expressed below, we conclude that the complaint should not be dismissed.

Viewing the facts in the light most favorable to the trustee, as we must, on the defendants' motion to dismiss, we find the facts of this case as follows: [1] The debtor filed a petition for reorganization under chapter 11 of the Bankruptcy Code ("the Code") and shortly thereafter a trustee was appointed. As collateral for a loan the trustee granted a mortgage on a parcel of realty located in Baltimore, Maryland, to Irving G. Alter and certain other defendants (hereinafter known as the "Alter Group"). After the sale a water pipe on the premises broke, causing significant damage. Wishing to resolve the question of liability from the water damage, the trustee on behalf of the estate and the Alter Group signed a stipulation which released the estate and the trustee from further liability on that matter. After notice of the stipulation was disseminated to creditors, we approved the compromise. For reasons undisclosed in the record, the Alter Group has filed suit against the trustee in Maryland state court claiming a right to damages from the water damage.

The trustee then commenced an action in this court seeking (1) declaratory relief that the trustee was released from liability underlying the Maryland suit through the stipulation and (2) injunctive relief barring

---

1. In adjudicating a motion to dismiss a complaint for failure to state a cause of action upon which relief can be granted, we must view the facts in the manner most favorable to the plaintiff. We can grant such a motion only if it appears certain that the plaintiff is entitled to no relief under any statement of facts which could be proved in support of the claim. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 2233, 81 L.Ed.2d 59 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 2A *Moore's Federal Practice* 12.08 (2d ed. 1982).

the Alter Group from pursuing the Maryland litigation. In lieu of answering the trustee's complaint, the Alter Group filed a motion for dismissal of the complaint under Bankruptcy Rule 7012.

■ Before discussing the merits of the action before us, we first set forth the basis of our jurisdiction to hear the matter under the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Act"). That statute amended 28 U.S.C. § 157 which provides, *inter alia,* that bankruptcy judges may enter final orders on all core proceedings, such as

"(A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate ... [and] (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship...."

§ 157(b)(2). The essence of the controversy at bench is the scope of a stipulation approved by us which fixed the size of the administrative claim against the estate. We hold that § 157(b)(2)(A), (2)(B) and (2)(O) each provides us with an independent basis for resolving the matter at hand. *See also, Franklin Computer Corp. v. Harry Strauss & Sons, Inc. (In Re Franklin Computer ).* 50 B.R. 620 (Bankr.E.D.Pa. 1985); *Heaven Sent Ltd. v. Centennial Ins. Co. (In Re Heaven Sent Ltd.),* 50 B.R. 636 (Bankr.E.D.Pa.1985); *Alloy Metal Wire Works, Inc. v. Assoc. Screw and Manu. Co. (In Re Alloy Metal Works, Inc.),* 52 B.R. 39 (Bankr.E.D.Pa.1985); *In Re Paolino,* 53 B.R. 399 (Bankr.E.D. Pa.1985).

■ In the action at bench the Alter Group has instituted suit in Maryland state court against the trustee under the general grant of authority found at 28 U.S.C. 959(a), which states:

§ 959. Trustees and receivers suable; management; State law

(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a). Since the cause of action arose postpetition and is not against property of the estate, the automatic stay does not bar such an action. 11 U.S.C. § 362(a).

■ As his first basis for relief the trustee requests that we enjoin the members of the Alter Group and the remaining defendants from pursuing the litigation in state court against the trustee and to award costs and attorneys' fees to the trustee for expenses in defending against the allegedly wrongful state court suit. In response to the trustee's request, the Alter Group contends that this court cannot enjoin a pending state court action due to 28 U.S.C. § 2283 which states:

§ 2283. Stay of State court proceedings

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (the Anti-Injunction Act). The Code, however, is an "expressly authorized" exception to § 2283. *Davis v. Sheldon,* 691 F.2d 176, 177–78 (3d Cir.1982); S.Rep. No. 989, 95th Cong., 2d Sess., *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5815. Prior to 1948, the Anti-Injunction Act contained only one exception, for "cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Judicial Code § 265, 36 Stat. 1162. In 1948, this passage was expanded to cover all statutory exceptions. See Reviser's Comments to 28 U.S.C. § 2283, 1948 U.S.Code Cong. & Ad. News Special Compilation of Legislative History of Revision of Title 28, 80th Cong., 2d Sess. 1910. Therefore, under proper circumstances, a bankruptcy court may is-

sue an injunction to prevent a state prosecution.

The Supreme Court has held that the type of statutory exception set forth in the Anti-Injunction Act does not put into "question or qualify in any way the principles of equity and comity that must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum v. Foster,* 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). These principles were discussed at length in the Supreme Court's opinion in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), a case involving a non-statutory exception to the Act. As stated in *Younger,* it is a "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44, 91 S.Ct. at 750. The principles of *Younger* likewise apply to those who seek to enjoin civil proceedings in state court through the intervention of a federal injunction. *Duke v. Texas,* 477 F.2d 244, *reh. den.,* 478 F.2d 1402 (5th Cir.1973); *Lamb Enterprises, Inc. v. Kiroff,* 549 F.2d 1052 (6th Cir.1977). Under these cases the state court action may be enjoined if it is brought in bad faith or for purposes of harassment. *Younger,* 401 U.S. at 54, 91 S.Ct. at 755; *Davis,* 691 F.2d at 178.

■ Since the case at bench has come before us on the Alter Group's motion to dismiss, we cannot grant the motion unless it appears beyond doubt that the trustee will not be able to prove that the state court action was brought in bad faith or for purposes of harassment. *Hishon,* 104 S.Ct. 2229. The record does not now preclude such a determination and hence we must deny the motion to dismiss. Since the request for declaratory relief is inextricably intertwined with the request for injunctive relief, we will also defer decision on that matter until after trial.

