In re FIDELITY AMERICA FINANCIAL CORPORATION (Jointly Administered With) Fidelity America Mortgage Co. (A Pennsylvania Corporation) Fidelity America Mortgage Co. (A Delaware Corporation) Fidelity America Mortgage Co. (A Nevada Corporation) Debtors.

Norman M. KRANZDORF, Individually and as Trustee for Fidelity America Mortgage Company Plaintiff,

v.

Irving G. ALTER and United Funding Corporation and Alvin Lapidus, P.A. and Alvin Lapidus for Maryland Developers, Inc. and Birmingham Fire Insurance Company of Pennsylvania and U.S. Shelter Corporation and Francis R. Caplan & Co. and Stone-East Associates, Inc. Defendants.

Bankruptcy Nos. 81–00385G to 81–00388G.

Adv. No. 85–0273G.

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 28, 1986.

Don P. Foster, Robert Szwajkos, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff, Norman M. Kranzdorf, Individually and as Trustee for Fidelity America Mortg. Corp.

Leonard C. Redmond, III, Horn, Dressel & Bennett, P.A., Baltimore, Md., for Irving G. Alter, United Funding Corp., Alvin Lapidus, P.A. and Alvin Lapidus for Maryland Developers, Inc.

Martin J. Snider, Manis, Wilkinson, Snider & Goldsborough, Annapolis, Md., for Birmingham Fire Ins. Co. of Pennsylvania and U.S. Shelter Corp.

Thomas B. Kenworthy, Mark M. McGuire, Morgan, Lewis & Bockius, Philadelphia, Pa., for Irving G. Alter, United Funding Corp., Alvin Lapidus, P.A., Alvin Lapidus for Maryland Developers, Inc., Birmingham Fire Ins. Co. of Pennsylvania, U.S. Shelter Corp.

Norman M. Kranzdorf, Cynwyd, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge.

The issue presented in the case under adjudication is whether we should grant the trustee's request for an injunction barring a creditor from continuing with a state court suit, on the allegation that we previously approved a settlement of the dispute

at issue. For the reasons outlined below, we conclude that the injunction should issue.

The facts of this case are as follows:[1] As collateral for a loan, one of the debtors granted a deed of trust in a parcel of realty in Baltimore, Maryland, to Irving G. Alter, Alvin Lapidus, P.A., and United Funding Corp. (hereinafter collectively known as the "Alter Group"). Two years later the four debtors filed petitions for reorganizations under chapter 11 of the Bankruptcy Code ("the Code") and shortly thereafter we appointed Norman M. Kransdorf as the trustee for each of the cases. At or about that time the mortgagor-debtor fell in default on the deed of trust on the realty. The deed of trust apparently provided that the mortgagor-debtor was entitled to rents accruing on realty while the mortgagor was not in default on the mortgage. Several months after the appointment of the trustee, improvements on the realty were severely damaged by water.

In December of 1983, a settlement was executed which, held, in pertinent part:

### [STIPULATION]

\*　　\*　　\*　　\*　　\*　　\*

3. It is also agreed that the Alter group hereby releases FAMCO from any and all liability pertaining to any damage which may have been suffered by the premises at 412–420 Redwood Street. It is agreed that FAMCO will assign to the Alter group any right to claim under any policies of insurance which insure the premises at 412–420 Redwood Street for any damage which may have been suffered by it.

4. Any release herein is intended to be solely between the parties hereto and as not intended to release any other entity or person of any responsibility or liability, if any, arisen out of the ownership, operation, lease, possession or management of the premises at 412–420 Redwood Street, Baltimore, Maryland.

/s/ Don Foster
DON P. FOSTER
Attorney for the Fidelity
America Mortgage Co.

/s/ Lawrence J. Lichtenstein
LAWRENCE J. LICHTENSTEIN
STEVEN C. PARMER
Attorneys for plaintiffs
[the Alter Group]

DATED: December 16, 1983.

We approved the settlement.

Thereafter the Alter Group filed suit in state court against Kransdorf and others seeking recompense from the water damage to the premises.[2] The trustee then commenced an action in this court seeking (1) declaratory relief that the trustee was released from liability underlying the Maryland suit through the stipulation and (2) injunctive relief barring the Alter Group from pursuing the Maryland litigation. In lieu of answering the trustee's complaint, the Alter Group filed a motion for dismissal of the complaint under Bankruptcy Rule 7012. We denied the motion. *Kransdorf v. Alter (In Re Fidelity America Financial Corp.),* 53 B.R. 930 (Bankr.E.D.Pa. 1985). The Alter Group then answered the complaint and the matter has gone to trial.

■ Before discussing the merits of the action before us, we first set forth the basis of our jurisdiction to hear the matter under the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("the 1984 Act"). That statute amended 28 U.S.C. § 157 which provides, *inter alia,* that bankruptcy judges may enter final orders on all core proceedings, such as

(A) matters concerning the administration of the estate: (B) allowance or disallowance of claims against the estate ... [and] (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor ... relationship....

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

**2.** Circuit Court for Baltimore County [Maryland], Law No. 83–L–2886.

§ 157(b)(2). The essence of the controversy at bench is the scope of a stipulation approved by us which fixed the size of the administrative claim against the estate. We hold that § 157(b)(2)(A), (2)(B) and (2)(O) each provide us with an independent basis for resolving the matter at hand. *See also, Franklin Computer Corp. v. Harry Strauss & Sons, Inc. (In Re Franklin Computer).* 50 B.R. 620 (Bankr.E.D.Pa. 1985); *Heaven Sent Ltd. v. Centennial Ins. Co. (In Re Heaven Sent Ltd.),* 50 B.R. 636 (Bankr.E.D.Pa.1985); *Alloy Metal Wire Works, Inc. v. Assoc. Screw and Mfg. Co. (In Re Alloy Metal Works, Inc.),* 52 B.R. 39 (Bankr.E.D.Pa.1985).

In the action at bench the Alter Group has instituted suit in the Maryland state court against the trustee under the general grant of authority found at 28 U.S.C. § 959(a), which states:

§ 959. Trustees and receivers suable: management: State law

(a) Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property. Such actions shall be subject to the general equity power of such court so far as the same may be necessary to the ends of justice, but this shall not deprive a litigant of his right to trial by jury.

28 U.S.C. § 959(a). Since the cause of action arose postpetition and is not against property of the estate, the automatic stay does not bar such an action. 11 U.S.C. § 362(a).

■ As his first basis for relief the trustee requests that we enjoin the members of the Alter Group and the remaining defendants from pursuing the litigation in state court against the trustee and award costs and attorneys' fees to the trustee for expenses in defending against the allegedly wrongful state court suit. In response to the trustee's request, the Alter Group contends that this court cannot enjoin a pending state court action due to 28 U.S.C. § 2283 which states:

§ 2283. Stay of State court proceedings

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283 (the Anti-Injunction Act). The Code, however, is an "expressly authorized" exception to § 2283. *Davis v. Sheldon,* 691 F.2d 176, 177–78 (3d Cir.1982); S.Rep. No. 989, 95th Cong., 2d Sess., reprinted in 1978 U.S.Code Cong. & Ad. News 5787, 5815. Prior to 1948, the Anti-Injunction Act contained only one exception, for "cases where such injunction may be authorized by any law relating to proceedings in bankruptcy." Judicial Code § 265, 36 Stat. 1162. In 1940, this passage was expanded to cover all statutory exceptions. See Reviser's Comments to 28 U.S.C. § 2283, 1948 U.S.Code Cong. & Ad. News Special Compilation of Legislative History of Revision of Title 28, 80th Cong., 2d Sess.1910. Therefore, it follows that, under proper circumstances, a bankruptcy court may issue an injunction to prevent a state prosecution.

The United States Supreme Court has held that the type of statutory exception set forth in the Anti-Injunction Act does not put into "question or qualify in any way the principles of equity and comity that must restrain a federal court when asked to enjoin a state court proceeding." *Mitchum v. Foster,* 407 U.S. 225, 243, 92 S.Ct. 2151, 2162, 32 L.Ed.2d 705 (1972). These principles were discussed at length in the Court's opinion in *Younger v. Harris,* 401 U.S. 37, 41 S.Ct. 746, 749, 27 L.Ed.2d 639 (1971), a case involving a nonstatutory exception to the Act. As stated in *Younger,* it is a "basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44, 91 S.Ct. at 750. The principles of *Younger*

**998**

likewise apply to those who seek to enjoin civil proceedings in state court through the intervention of a federal injunction. *Duke v. Texas,* 477 F.2d 244, *reh. den.,* 478 F.2d 1402 (5th Cir.1973); *Lamb Enterprises, Inc. v. Kiroff,* 549 F.2d 1052 (6th Cir.1977). Under these cases the state court action may be enjoined if it is brought in bad faith or for purposes of harassment. *Younger,* 401 U.S. at 54, 91 S.Ct. at 755; *Davis,* 691 F.2d at 178.

In the case at bench bad faith would be present if the settlement at issue released Kransdorf for liability due to the water damage and if such release was reasonably apparent to the Alter Group. We now shift to that issue.

Immediately on the filing of a petition in bankruptcy an estate is created which generally consists of all interests in property possessed by the debtor, including choses of action held by the debtor, as of the filing of the petition. 11 U.S.C. § 541(a). The estate is also liable for the payment, *inter alia,* of prepetition debts, as well as postpetition administrative expenses.

On the appointment of a trustee, the trustee becomes the representative of the estate. 11 U.S.C. § 323(a). In a chapter 11 corporate reorganization, the appointment of a trustee divests the management of the debtor of authority to execute its former role as head of the debtor. Whatever power remains reposed in the debtor's president and board of directors, is inferior to that of the bankruptcy trustee. It is through the authority of the trustee that the debtor acts. During the tenure of the trustee, the debtor retains no power to compromise prepetition claims or settle postpetition administrative claims, since that duty rests with the trustee.

In the case at hand, after the appointment of the trustee, Don P. Foster ("Foster") signed the settlement at issue under the nominal title of "Attorney for the Fidelity America Mortgage Co.," one of the debtors. We have no doubt that Foster intended to sign the document as attorney for the trustee of Fidelity America Mortgage Co. At the time of the signing Foster represented the trustee. Nonetheless, Foster's unilateral intentions do not end the inquiry.

Under the principles outlined above, although the stipulation was nominally signed for "Fidelity America Mortgage Co.," the debtor was without authority to sign that stipulation. Since valuable consideration was ostensibly exchanged under the contract, the question is, for whom did Foster sign the stipulation? The obvious answer is that he signed it as counsel for the trustee. Such a conclusion is both apparent and obvious, since the Alter Group knew or should have known that Foster represented, not the debtor, but the trustee. We therefore conclude that the Alter Group's action in commencing suit against the trustee in state court, notwithstanding his release of liability in the stipulation, constitutes an act of bad faith.

This determination of bad faith allows us to enter judgment on the instant complaint in favor of the trustee, and we will accordingly enter a permanent injunction against the continuation of the state court suit against the trustee by the Alter Group.