**In re Daniel J. and Karen A. GATES, Debtors.**

**Daniel J. GATES, Plaintiff,**

v.

**Diane Takach KOVALIK, Defendant.**

Bankruptcy No. 87–409.
Adv. No. 87–114.

United States Bankruptcy Court, W.D. Pennsylvania.

June 22, 1987.

Daniel J. and Karen A. Gates, pro se.

Michael A. Della Vecchia, Evashacik & Della Vecchia, Pittsburgh, for defendant.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Presently before the Court is Debtors'/Plaintiff's Complaint to Enjoin the Defendant from pursuit of a private criminal action in state court. Based upon the following analysis, the relief requested is denied.

## FACTS

Debtors were lessees of residential real property owned by Defendant. Debtors had issued three (3) checks to Defendant, all of which were dishonored for insufficient funds; Debtors covered two (2) of the three checks. However, the final check, drawn in December of 1986 for $420.00, remains unrestored, allegedly as a result of a dispute over the condition of the leased premises.

Debtors filed their Chapter 7 bankruptcy petition on February 9, 1987. Their Schedules indicate total unsecured debts of over $31,874.16, including $19,951.67 of credit card debt; and a significant list of exempt assets, such as a king size waterbed, a video camera, two video cassette recorders, two color televisions, and a stereo system. Debtors' Schedules also indicate that Mr. Gates is unemployed; however, in pleadings concerning relief from stay by General Motors Acceptance Corporation, Mr. Gates stated that both he and his wife needed the car in order to get to and from work. The trustee has filed a report of no distribution, indicating that no assets exist for creditor distribution.

Debtors vacated the aforementioned leased premises on March 22, 1987, as demanded by Defendant. On March 13, 1987, Defendant brought a private criminal action against Debtor alleging a statutory violation in the issuance of a bad check. 18 Pa.C.S.A. § 4105 (1984). Debtor brought this adversary action on April 2, 1987, seeking to enjoin Defendant from pursuing same.

## ANALYSIS

Section 362(a)(6) of the Bankruptcy Code provides for the automatic stay of any act or proceeding wherein a party seeks to collect, assess or recover a prepetition claim against the debtor. However, this stay does not operate against the commencement of a criminal action or proceeding against the debtor. 11 U.S.C. § 362(b)(1). Therefore, a criminal action against the Debtor for passing a bad check is not subject to the automatic stay provisions.

Recognizing same, Debtor asks that we exercise our powers to permit injunctive relief against this criminal prosecution.

In order for this Court to grant such an injunction, Debtor must show that he has a strong possibility of succeeding on the merits, that irreparable harm will be done to him if the injunction is not granted, and that the public interest will best be served

by issuing same. *See Matter of Super-mercado Gamboa, Inc.,* 68 B.R. 230 (Bankr.D.P.R.1986); *Matter of 1600 Pasadena Offices Ltd.,* 64 B.R. 192 (Bankr.M.D. Fla.1986). Debtor admits transferring *three* bad checks to the Defendant, albeit having restored two of them. Debtor claims various defenses; however, it is not clear that he possesses a strong possibility of succeeding on the merits.

Pennsylvania's "bad check" statute, 18 Pa.C.S.A. § 4105(e), mandates restitution to the victim of the face amount of the check plus legal interest thereon. Debtor asserts that by allowing Defendant to proceed with her criminal action, this Court will permit her to collect the full amount of a prepetition debt, while other creditors receive nothing; Debtor contends this is in derogation of Congressional intent to provide distribution to creditors in a fair and equitable manner. Debtor cites *In re Herman Hassinger, Inc.,* 20 B.R. 517 (Bankr. E.D.Pa.1982); *In re Alan I.W. Frank Corporation,* 19 B.R. 41 (Bankr.E.D.Pa.1982); *In re Strassmann,* 18 B.R. 346 (Bankr.E. D.Pa.1982); and *In re Reid,* 9 B.R. 830 (Bankr.M.D.Ala.1981) for this proposition. However, in each of those cases, the Court found that the creditors were engaging in the criminal litigation for propriety reasons. In the case at bar, this Court has advised Defendant that no award of restitution will be permitted to be paid to her; Defendant asserts, and this Court believes, that she seeks only for the Debtor to be punished. At most, if a guilty verdict, including restitution, were entered, Debtors would be required to turn over any money judgment to the trustee for appropriate distribution among this estate's substantial creditors.

 Additionally, we find that the restitution segment of a criminal sentence is not, in and of itself, sufficient reason for this federal court to enjoin a state court action. *See In re First Texas Petroleum, Inc.,* 52 B.R. 322 (Bankr.N.D.Tex.1985). There is no evidence that this Debtor will be *irreparably* harmed nor that the public will be served by this injunction.

Equity only serves to insulate those who come to Court with clean hands. This is not merely a moral teaching of our ancestors; in order to get equity, one must do equity. Debtor's past history of writing bad checks, a mile-long list of unpaid consumer creditors, and significant exempt assets, convinces this Court that the Debtor does not have clean hands.

Therefore, we find that this criminal action will not interfere with either the administration of this estate or the intent of the law, and this Court will deny the issuance of a permanent injunction.

An appropriate Order will be issued.