**In re John ROPIETSKI, Debtor.**

**John ROPIETSKI, Plaintiff,**

v.

**LACKAWANNA COUNTY DISTRICT ATTORNEY and Tom Mineo, trading as Mineo Pies, Defendants.**

Bankruptcy No. 5–88–00861.
Adv. No. 5–89–0004.

United States Bankruptcy Court, M.D. Pennsylvania.

June 30, 1989.

Larry A. Brand, Wilkes–Barre, Pa., for debtor.

Donald P. Dolan, Scranton, Pa., for Mineo Pies.

Margaret Bisignani, Asst. Atty., Scranton, Pa., for Dist. Atty., Lackawanna County.

## OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on complaint of the debtor, Joseph Ropietski (hereinafter "Debtor") requesting a permanent injunction to prevent the defendants, Lackawanna County and Mineo Pies from proceeding with criminal charges in State Court brought against the debtor by Tom Mineo trading as Mineo Pies. For the reasons provided herein, we deny the debtor's request for a permanent injunction.

## FINDINGS OF FACT

1. During a period between October 13, 1987 and October 20, 1987 inclusive, the debtor wrote a series of checks made payable to Mineo Pies in the approximate amount of $1,890.66.

2. At the time plaintiff passed the checks he was an employee of defendant, Mineo Pies.

3. All of the checks were returned by the payee Bank for lack of sufficient funds.

4. The plaintiff and Mineo Pies, through its representative, Tom Mineo, attempted to negotiate the payment of the checks during a period approximating four and one-half months following the issuance of the checks.

5. Thereafter, on or about April 1, 1988, Mineo Pies filed charges against the defendant pursuant to 18 Pa. C.S.A. § 4105(a), the criminal statute of the Commonwealth of Pennsylvania dealing with the issuance of bad checks.

6. At a scheduled preliminary hearing held on or about April 28, 1988, the parties entered into an agreement for a 60 day continuance in order to complete the sale of the plaintiff's pie route and to determine whether the proceeds of that sale would pay the full amount of the bad checks.

7. The proceeds of the sale were not sufficient enough to make full payment on the bad checks.

8. Thereafter, in July of 1988, and at the time of a rescheduled preliminary hearing, counsel for Mineo Pies stated they were not opposed to allowing the debtor to apply for discharge of the criminal charges upon satisfaction of the debt owed to Mineo Pies pursuant to Pa. Rule of Criminal Procedure 314.

9. Debtor failed to satisfy the debt pursuant to that agreement and the District Attorney's Office for the County of Lackawanna placed the matter on the Criminal Trial list.

10. Approximately 15 months after the bad checks were issued to Mineo Pies, and approximately 8½ months after the criminal charges were filed, the debtor filed a voluntary Chapter 7 petition with this Court on December 14, 1988.

## DISCUSSION

Debtor's attorney argues that the State, through the Lackawanna County District Attorney's Office and the creditor/defendant should be enjoined from proceeding against the debtor in criminal court because the criminal charges are, in short, an attempt to use the criminal process as a "tool for extracting payment from the plaintiff." See Brief in Support of Motion to Enjoin Prosecution. Further, debtor argues that this creditor should be prevented from receiving treatment that would be more favorable than other creditors similarly situated. Finally, debtor argues receiving this preference and extracting payment from the debtor was the sole motive of the defendant in bringing the criminal charges. We note at this time that plaintiff has made no argument whatsoever con-

cerning enjoining the State from proceeding with this prosecution.

Tom Mineo argues he is not a proper party to this matter nor does he have standing to address the court with regard to the criminal prosecution because responsibility for the prosecution is now with the State through the District Attorney's Office in Lackawanna County. But, defendant further argues that should the court find he did have standing, then § 362(b) dictates that this court must find against the debtor and deny the petition to stay the criminal proceedings. Section 362(b)(1) provides as follows:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay
>
> (1) under subsection (a) of this section, of the commencement or continuation of a criminal action or proceeding against the debtor;

Before proceeding further, we note that the District Attorney's Office for Lackawanna County filed an Answer to plaintiff's Complaint which admitted almost all the allegations of plaintiff's complaint except that the allegation that payment to Mineo Pies would give Mineo Pies an unfair advantage over other creditors of the bankruptcy. Otherwise, the District Attorney did not participate further in this matter.

The issue for determination is whether or not this court has authority to issue an injunction against the State to prevent a state criminal prosecution. While the cases dealing with the issue in question are legion, the leading case in the Third Circuit is *Davis v. Sheldon* found at 691 F.2d 176 (1982). The *Davis* court held that under proper circumstances a bankruptcy court may issue an injunction to prevent a state prosecution. Regardless, relying upon the Supreme Court's Opinion in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the *Davis* court writes that "it is a basic doctrine of equity jurisprudence that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." As in the *Davis* case, the debtor argues that should the state court order restitution, Mineo Pies would receive a preferential payment of a debt and would, in fact, be treated better than other creditors in this case. The same arguments were presented in another case in this Circuit, namely, *Ewing Remodeling Center v. Edgar Bayley, Jr., District Attorney and Universal Suppliers, Inc.* filed to Civil Action No. 84–0445, (Slip Opinion rendered by District Judge Rambo dated October 15, 1984). The *Ewing* court also relied on the guidance found in the *Davis* case and, with regard to the issuance of a restitution order cites the following language from *Davis:*

> "The imposition of such a penalty may indeed raise serious questions under the Supremacy Clause of the U.S. Constitution, although we do not reach that question today. The Davises, however, have put forth no evidence that Marven Davis will be unable to raise the Supremacy Clause challenge in the state court. We decline to presume that the judges of Delaware will disregard the obligation imposed upon them by the federal Constitution."

*Ewing Slip Opinion* at page 2.

Debtor in this case, as did the debtor in the *Ewing* case, also argued that the creditor was primarily seeking a means to receiving payment on its debt as opposed to vindicating the rights of the citizens of the state in a criminal matter. Once again we turn to the *Davis* decision for guidance which provides at Page 179 the following:

> "The state, however, is prosecuting the criminal actions on behalf of all of the citizens of Delaware, to protect the integrity of commercial transactions within the state. The Davises have made no showing that the Attorney General had any reason to doubt the validity of the charges, that he failed to exercise independent judgment in continuing these

prosecutions, or that the complaining witnesses had insufficient evidence to support their allegations. We cannot require a prosecutor to conduct a searching inquiry into the public spirit of the victim of a crime before proceeding with what appears to be an otherwise valid criminal prosecution. Under these circumstances the intentions of the complaining witnesses are not controlling in judging the good faith of a criminal prosecution."

Debtor has failed to prove that his request for an injunction is justified under the doctrine of equity jurisprudence enunciated by the Supreme Court in *Younger v. Harris, supra.*

In addition to the principles of equity, this court must consider the concerns of comity. The *Davis* court writes at page 179 the following concerning this issue:

"In addition to principles of equity, a federal court must consider 'the notion of "comity," that is, a proper respect for state functions, a recognition of the fact that the entire Country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.' *Younger v. Harris,* 401 U.S. at 44, 91 S.Ct. at 750. A federal court should be especially cautious in enjoining state criminal proceedings, because of the state's paramount interest in protecting its citizens through its police power. In this case, there has been no showing that Delaware has acted in bad faith in its prosecution, nor any allegation that the Delaware courts have inadequate procedures for hearing the federal challenges to a judgment of restitution."

Debtor also failed to show why, under the principle of comity, the court should enjoin state criminal proceedings.

Finally, as in the *Davis* and *Ewing* cases, it is not apparent at this point what will be the outcome of the state criminal proceeding. If the debtor is found innocent, then the debtor's rights under the Bankruptcy Code viz a viz the state law will not have

been effected. If, however, debtor is found guilty, the debtor will have a right of appeal or the right to challenge an erroneous state disposition in federal court. See *Ewing* Slip Opinion at Page 3 and *Matter of Davis, supra,* footnote 7 at page 179.

We also find that the possibility that restitution will be part of a criminal sentence handed down is not, in and of itself, sufficient reason for this court to enjoin a state court action. See *In re Gates,* 75 B.R. 535 (Bankr.W.D.Pa.1987) citing *In re First Texas Petroleum, Inc.,* 52 B.R. 322 (Bankr.N.D.Texas 1985).

Based on the foregoing, we conclude the debtor has failed to convince this court why the principles of equity and comity would permit this court to issue an injunction against the criminal state court proceeding in question.

This Opinion and Order constitutes the Court's findings of fact and conclusions of law in the above matter pursuant to Bankruptcy R.P. 7052 and Federal Rules of Civil Procedure 52.